# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHELIA M. BROWN,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0806** (BOR Appeal No. 2051166)
                          (Claim No. 2013028806)

**CAMC TEAYS VALLEY HOSPITAL,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Shelia M. Brown, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. CAMC Teays Valley Hospital, by H. Dill Battle III, its attorney, filed a timely response.

The issue on appeal is whether Ms. Brown is entitled to additional medical benefits. This appeal originated from the May 6, 2015, claims administrator's decision denying maintenance treatment. In its February 26, 2016, Order, the Workers' Compensation Office of Judges affirmed the decision. The Board of Review's Final Order dated August 2, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Shelia M. Brown, a Health Unit Coordinator, was injured in the course of her employment on April 3, 2013, when she attempted to lift a patient and felt a pop in her lower back followed by a burning sensation. Ms. Brown sought treatment a few weeks later and was diagnosed with sprain of the lumbosacral joint ligament, displacement of lumbar intervertebral disc without myelopathy, sciatica, and spasm of muscle. An MRI of the lumbar spine taken on April 29, 2013, revealed a small central disc protrusion at L5-S1 touching the nerve roots at this

1

level, causing mild canal narrowing. On May 8, 2013, the claims administrator held the claim compensable for sprain of the lumbosacral joint ligament.

Ms. Brown sought the opinion of two neurosurgeons. On August 20, 2013, Panos Ignatiadis, M.D., evaluated Ms. Brown. He noted that the MRI findings revealed mild degenerative changes at L3-4 and L4-5 and a small central protrusion at L5-S1, which were not sufficient to account for Ms. Brown's symptoms or to render her for surgical proposition. Dr. Ignatiadis recommended physical therapy and work conditioning, as well as undergoing a functional capacity evaluation. He concluded that Ms. Brown probably had a lumbar sprain with concomitant central disc protrusion, albeit small at L5-S1, and dormant pre-existing mild degenerative changes at L3-4 and L4-5, aggravated by the work-related injury. On November 4, 2013, Robert Crow, M.D., evaluated Ms. Brown and stated that he would not suggest surgical intervention in the form of a laminectomy, discectomy, or fusion without further imaging. He recommended an injection on the right S1 nerve root along with continued physical therapy.

On November 5, 2013, Ms. Brown underwent an EMG study. The report indicated that the study was normal for the legs and neither neuropathy nor radiculopathy were demonstrated. On November 12, 2013, an MRI was performed and compared to the one taken on April 29, 2013. There was significant improvement at the L5-S1 level.

On January 9, 2014, Ms. Brown underwent an independent medical evaluation performed by Marsha Bailey, M.D. Ms. Brown reported constant right lower back pain with radiation into her right buttocks, right posterior and lateral leg, and right foot. She also complained of numbness and her leg giving out, which resulted in repeated falls. Dr. Bailey diagnosed Ms. Brown with a history of chronic lower back pain without true radiculopathy. Dr. Bailey noted that Ms. Brown had a substantial amount of symptom magnification at the time of the evaluation. Ms. Brown's subjective complaints grossly outweighed the objective findings and were inconsistent with the MRI findings. Dr. Bailey opined that Ms. Brown's repeated falls could not be attributed to the compensable injury. Dr. Bailey stated that due to Ms. Brown's substantial amount of symptom magnification, meager MRI findings, normal nerve conduction studies, and failure of all reasonable treatment to date, it was highly unlikely that any further treatment would improve her symptoms. Dr. Bailey felt that any treatment would not be medically necessary for her compensable injury and found that Ms. Brown had reached maximum medical improvement.

Ms. Brown underwent a functional capacity evaluation on February 19, 2014. Ms. Brown tested at the light physical demand level with lifting of twenty pounds on an occasional and frequent basis. The evaluator found that there were some remarkable findings that may suggest symptom magnification and submaximal effort, and a repeat evaluation may be warranted for assessment of consistency.

Throughout the course of her injury, Ms. Brown sought treatment from Anthony Erwin, D.C. Dr. Erwin assessed displacement lumbar intervertebral disc, thoracic pain, sciatica, and cervical disc bulge. He subsequently completed a diagnosis update in an effort to have these diagnoses added to the claim. On July 22, 2014, the claims administrator denied the request to

add the secondary diagnoses to the claim, and the Office of Judges subsequently affirmed the decision.

Dr. Erwin authored a letter on August 21, 2014, stating that Ms. Brown's initial diagnoses were lumbar sprain/strain, displaced lumbar intervertebral disc, sciatica, and muscle spasm. A lumbar MRI taken on April 29, 2013, demonstrated L3-4 mild diffuse posterior extension of the disc and L5-S1 seemed to have central disc protrusion, and the radiologist said it touched the central nerve roots causing mild canal narrowing. Dr. Erwin said there was no mention of degenerative changes. A second lumbar MRI taken on November 12, 2013, found partial desiccation and narrowing with central disc herniation at L5-S1. Dr. Erwin last saw Ms. Brown on July 1, 2014, and she reported continued lower back pain with radiation. He opined that the overall outlook for Ms. Brown was poor and that she suffered from a permanent disabling condition as a result of the work-related injury. Dr. Erwin recommended periodic care for chronic flare-ups of pain and thus requested authorization for continued treatment.

Ms. Brown testified in a deposition on October 30, 2014, that prior to the compensable injury, she never had any problems, nor had she been diagnosed with any degenerative back issues. After the injury, her pain worsened so that she could not sit, stand, or lay down. Ms. Brown stated that she continued to have low back issues, with pain in her lower back into her tailbone and pain into her buttocks, hip, and down her right leg. Ms. Brown stated it constantly burns and she has electric-like feelings and muscle spasms. She has difficulty sleeping, walking, and performing many normal activities.

On May 6, 2015, the claims administrator denied the maintenance treatment requested by Dr. Erwin. The Order stated that the request was denied on the basis that Dr. Bailey opined that Ms. Brown had reached maximum medical improvement. Further, it was found that Ms. Brown was far outside the guidelines for a simple sprain/strain of the lumbar spine and that the complaints could not be attributable to a simple sprain/strain.

Dr. Bailey testified in a deposition on August 11, 2015, that she agreed with the compensable diagnosis of lumbosacral joint ligament sprain. She did not agree with the other diagnoses Dr. Erwin was attempting to have added to the claim. Dr. Bailey opined that the disc protrusions and bulges indicated by the lumbar MRIs were normal, age-related findings and that there were not any acute findings to suggest any type of injury-related pathology. It was Dr. Bailey's opinion that no additional consultation or maintenance treatment was medically necessary. She found that Ms. Brown had long ago reached maximum medical improvement.

On February 26, 2016, the Office of Judges affirmed the claims administrator's decision denying maintenance treatment. The Office of Judges noted that Dr. Erwin requested maintenance treatment. Dr. Erwin opined that Ms. Brown's overall outlook was poor and that she suffered from a permanent disabling condition as a result of the compensable injury. Thus, Dr. Erwin recommended periodic care for flare-ups of pain and requested continued treatment with his practice. Dr. Erwin's assessment included the diagnoses of displacement of lumbar intervertebral disc without myelopathy, pain in thoracic spine, sciatica, and displacement of cervical intervertebral disc without myelopathy. However, the Office of Judges previously

decided on December 11, 2015, that these secondary conditions were not compensable components of the claim. In the current claim, the Office of Judges found Dr. Bailey's testimony to be persuasive. It was her opinion that no additional maintenance treatment was necessary. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 2, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The only compensable condition in this claim is sprain of the lumbosacral joint ligament. Dr. Erwin requested additional maintenance treatment based on diagnoses that have been deemed non-compensable. Further, Dr. Bailey has opined that Ms. Brown reached maximum medical improvement long ago and thus needs no further medical treatment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 24, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker